IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-30077 |
| ) | |
| PRINCE STEVENSON, ) | |
| ) | |
| Defendant. ) | |

<u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Prince Stevenson's Post-Trial Motion for Judgment of Acquittal or for Granting of a New Trial (d/e 46). The Government has filed its Response in Opposition to Defendant's Post-Trial Motion (d/e 49); thus, the matter is fully briefed and ripe for adjudication. For the reasons set forth below, Defendant Stevenson's Motion is denied.

Stevenson was convicted, following a two-day jury trial, of three counts of distribution of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). <u>Jury Verdict (d/e 39)</u>. Stevenson asserts that he is entitled to a judgment of acquittal or a new trial pursuant to Federal Rules

1

of Criminal Procedure 29 and 33. He presents several arguments for relief, which the Court addresses in turn.

I.     OBJECTIONS MADE DURING TRIAL

Defendant's Motion incorporates by reference all objections made at trial. Stevenson further asserts that the lack of appropriate jury admonishments following sustained objections to testimony elicited by the Government taken cumulatively created reversible error.

For the reasons stated of record at the time, the Court's rulings on Defendant's objections at trial were correct, and the Court rejects any argument to the contrary. Stevenson's argument regarding prejudice from lack of appropriate admonishments is similarly unavailing. Stevenson fails to identify any specific point at which he believes additional admonishment was necessary or any point at which he requested some specific admonishment which the Court failed to give. Furthermore, the Court is convinced that each of the sustained objections was handled appropriately, preventing any potential prejudice to Stevenson.

II.    INSUFFICIENT EVIDENCE

Stevenson contends that the evidence adduced at trial was not sufficient to convict him beyond a reasonable doubt. Specifically, he points

to the lack of independent corroboration of critical testimony by confidential informant Kelli Quincy.  A defendant challenging the sufficiency of the evidence used to convict him faces an "uphill battle." United States v. Sanchez, 251 F.3d 598, 601 (7th Cir. 2001); see also United States v. Hicks, 368 F.3d 801, 804 (7th Cir. 2004) (describing standard of review for a sufficiency of the evidence challenge as "daunting"). The Court must evaluate the evidence adduced at trial in the light most favorable to the prosecution and draw all inferences in the Government's favor.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. Bett, 349 F.3d 1030, 1034 (7th Cir. 2003).  The Court will uphold the jury's verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson, 443 U.S. at 319; Hicks, 368 F.3d at 805.

The evidence presented at trial demonstrates that Stevenson's sufficiency of the evidence argument is without merit.  The Government presented evidence that, on September 17, 19, and 26, 2008, confidential source Kelli Quincy purchased cocaine base ("crack") from Stevenson in controlled transactions.  Quincy testified to the transactions, and the Government introduced into evidence the cocaine base ("crack") that

3

Quincy stated she purchased from Defendant. The Government also introduced video/audio recordings of the transactions, which revealed clear images of Defendant Stevenson and conversations between Quincy and Stevenson that were consistent with drug transactions. Surveillance officers testified that they monitored the controlled buys. Specifically, officers testified that they searched Quincy and her vehicle prior to and after each transaction and that Quincy met only with the Defendant during each controlled transaction. Based on these facts, a rational trier of fact could find Stevenson guilty beyond a reasonable doubt on each count of distribution of cocaine base ("crack").

III.   RENEWED MOTION FOR JUDGMENT OF ACQUITTAL

At the close of the Government's evidence, Stevenson moved for judgment of acquittal, arguing that the evidence was insufficient to sustain a conviction. The Court denied Stevenson's oral motion, noting that the testimony by Kelli Quincy and by the officers conducting surveillance of the transactions provided sufficient evidence to overcome a directed verdict. Stevenson asks the Court to reverse this decision. However, as discussed in section B, there was sufficient evidence for a reasonable jury to convict Stevenson. For the reasons stated of record at the time, the Court's ruling

on Stevenson's oral motion was correct, and Defendant's request for relief on this basis is denied.

THEREFORE, Defendant Prince Stevenson's Post-Trial Motion for Judgment of Acquittal or for Granting of a New Trial (d/e 46) is DENIED. Sentencing remains set for October 14, 2010, at 2:00 p.m. before U.S. District Judge Richard Mills.  Pursuant to instructions from Chief U.S. District Judge Michael P. McCuskey, this case is transferred to Judge Richard Mills for all further proceedings due to Judge Scott's unavailability.

IT IS THEREFORE SO ORDERED.

ENTER:   June 25, 2010

FOR THE COURT:

                                          s/ Jeanne E. Scott
                                          JEANNE E. SCOTT
                                          UNITED STATES DISTRICT JUDGE